**United States District Court**
For the Northern District of California

*E-FILED 6/9/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GINA FISHER,

    Plaintiff,

v.

THE ANDERSON BEHEL STEVENS CREEK PORSCHE AUDI EMPLOYMENT BENEFIT PLAN,

    Defendant.
_____/

BLUE SHIELD OF CALIFORNIA,

    Real Party in Interest.
_____/

NO. 05-03790 RMW (RS)

**ORDER DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY**

I. INTRODUCTION

Plaintiff Gina Fisher seeks review under ERISA of her health plan administrator's determinations regarding the benefits payable to her. By this motion, Fisher requests leave to propound interrogatories and to take depositions with respect to certain subjects as to which she contends the administrative record is incomplete. The motions were fully briefed[1] and heard by the Court on May 24, 2006. Based on all papers filed to date, as well as on the oral argument of counsel, the Court denies the motion, for the reasons explained below.

---

[1] Fisher elected not to file a reply brief.

1

## II.  BACKGROUND

Fisher was a participant in The Anderson Behel Stevens Creek Porsche Audi Employee Benefit Plan ("the Plan"), which was  provided through her husband's former employer.  The Plan is subject to ERISA, the Employee Retirement Security Act of 1974, 29  U.S.C. §1001 *et seq.*  Real party in interest, Blue Shield of California, administers the plan and makes determinations as to what benefits are payable.

Fisher apparently incurred medical bills with "non-preferred providers."  Blue Shield determined that some of the services rendered were not "medically necessary" and disallowed payment for those services.  As to other services, Blue Shield contends it paid the percentage called for by the terms of the Plan.

## III.  DISCUSSION

When courts are called upon to review an administrator's determination regarding the payment of benefits under ERISA, "the record that was before the administrator furnishes the primary basis for review."  *Kearney v. Standard Insurance Co.,* 175 F.3d 1084, 1090 (9th Cir. 1999). That is true regardless of whether in the particular case the standard of review is *de novo* or abuse of discretion. *Id.*  Because review is primarily limited to the administrative record, and because, "'[a] primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously,'" permitting discovery is rarely appropriate in cases such as this. *Newman v. Standard Insurance Co.*, 997 F.Supp. 1276, 1281 (C.D. Cal. 1998).

Here, the primary thrust of Fisher's motion is her contention that there are "anomalies" in the administrative record that she should be allowed to explore through ordinary discovery mechanisms. In opposition, however, Blue Shield has demonstrated that in most cases the information that Fisher contends is missing from the administrative record in fact appears therein.

To the extent Fisher is also contending that she should be permitted to inquire into matters not reflected in what Blue Shield has shown is the complete administrative record, she has not established that such discovery is necessary or appropriate in this case.  Fisher's central concern seems to arise from her contention that she obtained "preauthorization" for a certain surgical procedure, but that the administrative record "contains no information regarding this

2

preauthorization." Blue Shield has explained, however, that its benefits determinations with respect to the procedures in question were not made on the basis of whether or not there was a "preauthorization," rather the claims were either paid or denied as not "medically necessary." Since the claims were not denied based on a lack of a "preauthorization," there is no relevance to why more information regarding the purported preauthorization does not appear in the administrative record. Furthermore, Fisher remains free to make such arguments on the merits as may be appropriate with respect to the fact that she contends certain procedures were "preauthorized" but the records of Blue Shield apparently fail to reflect such preauthorization.

Notwithstanding all of this, Blue Shield has expressed a willingness to provide Fisher with certain additional information she is seeking, including information regarding the board certifications of doctors who reviewed her file. Blue Shield is hereby directed to provide that information.

## IV. CONCLUSION

The motion is DENIED, except insofar as Blue Shield is directed to provide the additional information it offered to provide in its briefing and at the hearing..

IT IS SO ORDERED.
Dated: June 9, 2006

RICHARD SEEBORG
United States Magistrate Judge

ORDER DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY
05-03790 RMW (RS)

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Jordan S. Altura    jaltura@barwol.com, cpinell-gentry@barwol.com

Ned A. Fine    nfine@employerlawyers.com, emiller@employerlawyers.com; cbrown@employerlawyers.com; jdare@employerlawyers.com; dhosilyk@employerlawyers.com

John M. LeBlanc    jleblanc@barwol.com, nne@barwol.com

Laurence F. Padway    lp@padway.com, fp@padway.com; ncahill@padway.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: June 9, 2006**                                              **Chambers of Judge Richard Seeborg**

**By:**    __/s/ BAK__

ORDER DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY
05-03790 RMW (RS)

4